## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **ROBERT RAY YOUNG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 08-2068** |
| | ) | |
| **ELMER DINKEL,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiff Robert Ray Young initiated this lawsuit to recover costs he incurred after he was struck by a vehicle driven by Defendant Elmer Dinkel.  The case is now before the court on Mr. Dinkel's motion for summary judgment (Doc. 72).  For reasons discussed below, this motion is denied.

## 1.    Statement of Material Facts[1]

Shortly after 7:30 p.m. on March 28, 2006, Mr. Young attempted to walk across 75th Street in Overland Park, Kansas.  He started on the north side of 75th Street, a four-lane road that runs east and west, and proceeded to cross the street, but was not in a

---

[1] Consistent with the well-established standard for evaluating a motion for summary judgment, the following facts are either uncontroverted or stated in the light most favorable to plaintiff, the nonmoving party.  *See, e.g.*, *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

designated crosswalk.  According to Mr. Young's deposition, a car in the first west-bound lane waved him across and a car in the second west-bound lane stopped so he could cross the street.  Mr. Dinkel was driving in the fourth lane, traveling east, and he testified that he was driving between 30 and 35 miles per hour in a 35-mile-per-hour zone.  His vehicle hit Mr. Young as Mr. Young attempted to cross the fourth lane of 75th Street.  Shortly after the incident, Mr. Young's blood alcohol content was measured at .317.

Mr. Young's complaint alleges negligent and reckless conduct by Mr. Dinkel.


**2.      Summary Judgment Standard**

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.  *Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir. 2002).  A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim."  *Wright ex rel. Trust Co. v. Abbott Labs., Inc*., 259 F.3d 1226, 1231-32 (10th Cir. 2001) (citing *Adler*, 144 F.3d at 670).  An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."  *Adler*, 144 F.3d at 670 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Spaulding*, 279 F.3d at 904 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000) (citing *Adler*, 144 F.3d at 671).

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Spaulding*, 279 F.3d at 904 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also Anderson*, 477 U.S. at 256; *Celotex*, 477 U.S. at 324. The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Anderson*, 477 U.S. at 256; *Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1017 (10th Cir. 2001). Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Mitchell v. City of Moore*, 218 F.3d 1190, 1197-98 (10th Cir. 2000) (quoting *Adler*, 144 F.3d at 671). To accomplish this, the facts "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein." *Adams,* 233 F.3d at 1246.

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut"; rather, it is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

**3.    Discussion**

Mr. Dinkel first argues that he had no duty to Mr. Young because Mr. Young was not in a crosswalk or other area designated for pedestrians.  Mr. Dinkel cites to § 8-1534 of the Kansas Statutes Annotated, which provides that:

> (a) Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway. . . .
> (c) Between adjacent intersections at which traffic-control signals are in operation pedestrians shall not cross at any place except in a marked crosswalk.

Kan. Stat. Ann. § 8-1534.  Mr. Dinkel does not, however, cite any authority for his claim that Mr. Young's alleged failure to comply with those statutory provisions negates any duty on the part of automobile drivers.  Indeed, the mere fact that Mr. Dinkel may have had the right-of-way in this situation does not negate his legal duty to "exercise due care to avoid colliding with any pedestrian."  Kan. Stat. Ann. § 8-1535; *Reeve v. McBrearety*, 660 P.2d 75, 76 (Kan. Ct. App. 1983).

Mr. Dinkel also contends that summary judgment is proper because he did not breach any duty he may have owed to Mr. Young.  In support of this argument, Mr. Dinkel claims that "[t]here are no witnesses that place any fault" on him.  Instead, Mr.

Dinkel asserts, "[i]t is obvious that [Mr. Young] caused this accident on his own"—he was wearing dark clothing and he failed to look for traffic as he crossed the street.

The record contains contradictory evidence on both of these facts, however.  Mr. Young testified, for example, that he was wearing a white t-shirt and white gym shoes, and not all dark-colored clothing.  The police report notes that Mr. Young was wearing a white shirt under a dark-colored jacket.  And at least one other witness noted that Mr. Young was wearing white tennis shoes.

The evidence before the court also presents a genuine issue of fact as to whether and when Mr. Young looked for traffic in both directions.  Mr. Young's deposition describes his eye contact with drivers on his left-hand side, and it also notes that he saw a car coming from the right.  Additionally, an eyewitness described Mr. Young's head turning "to the right," which would be toward Mr. Dinkel's car.

Moreover, regardless of the factual questions surrounding Mr. Young's actions, the question presented by this case is whether Mr. Dinkel was negligent—whether *his actions* breached a duty to Mr. Young.  In the majority of negligence cases, the question of whether someone breached a duty is a fact question for the jury, and not a question of law for the court to decide.  *Deal v. Bowman*, 188 P.3d 941, 946 (Kan. 2008).

Specifically, in cases alleging driver negligence, Kansas uses a "reasonably prudent driver" standard to decide whether the driver was operating a vehicle negligently.  *Id.*  Under that standard, the driver has a duty "to drive his car as a prudent driver would do."  *Id.* (citing *Drennan v. Penn. Casualty Co.*, 176 P.2d 522 (Kan.

5

1947)).  "[T]he question of negligence ultimately resolves itself into one of reasonable care under all the circumstances—a question to be resolved by the trier of fact."  *Id.* (citing *Anderson v. Thompson*, 22 P.2d 438 (Kan. 1933)).

Thus, Mr. Dinkel's contentions in support of summary judgment are insufficient to warrant that relief.  Taking the facts in the light most favorable to Mr. Young, the court finds a genuine issue of material fact as to Mr. Young's actions.  And, more importantly, whether Mr. Dinkel meets the "reasonably prudent driver" standard is a question of fact for the jury.

In support of his motion, Mr. Dinkel cites to *Bottjer v. Hammond*, 436 P.2d 882 (Kan. 1968), arguing that the court can rule as a matter of law that he was not negligent. That case also involved a vehicle-pedestrian accident, and the trial court granted the defendant's motion to dismiss at the close of evidence, concluding that the plaintiff failed to show as a matter of law that the defendant was a negligent driver.  *Bottjer*, 436 P.2d at 883.  The court noted that "[w]here a collision occurs and someone is injured, this fact of itself is not sufficient to predicate liability.  It is familiar law that negligence must be established by proof."  *Id.* at 884.  And the court concluded that the evidence presented at trial by the plaintiff "did not establish negligence, nor are there any circumstances from which negligence could be inferred without conjecture and speculation."  *Id.*

The same cannot be said of the record in this case.  Mr. Young identifies several facts from the record to suggest that Mr. Dinkel was negligent.  For example, Mr. Young

6

maintains that other drivers could see him and stopped in time to avoid hitting him, but that Mr. Dinkel did not.  Mr. Young notes that Mr. Dinkel did not use his brakes or his horn in any effort to avoid the collision.  And Mr. Young asserts that he hit the passenger side of Mr. Dinkel's car, proving that he had passed in front of Mr. Dinkel's car and yet Mr. Dinkel failed to see him.

Given the factual disputes and the inherently factual nature of the "reasonably prudent driver" standard, summary judgment is not appropriate.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Summary Judgment (Doc. 72) is denied.

**IT IS SO ORDERED** this 1st day of July, 2009.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

7