**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**ROBERT RAY YOUNG,**

      **Plaintiff,**

      v.                                      Case No. 08-2068

**ELMER DINKEL,**

      **Defendant.**

## MEMORANDUM AND ORDER

Robert Ray Young initiated this lawsuit to recover damages after he was injured by a vehicle driven by Elmer Dinkel. On August 18, 2009, a jury returned a verdict in favor of Mr. Dinkel, and judgment was entered against Mr. Young. Mr. Young has now filed a pro se motion for a new trial and for appointment of counsel (doc. 151). He also filed a motion requesting copies of the trial transcript (doc. 152). For the reasons discussed below, these motions are denied.

**1.    Motion for New Trial and Appointment of Counsel**

When a case has been tried to a jury, a new trial may be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a)(1)(A). Motions for a new trial are committed to the sound discretion of the trial court. *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984); *Hinds v. Gen. Motors Corp.*, 988 F.2d 1039,

1046 (10th Cir. 1993). They are "not regarded with favor and should only be granted with great caution." *United States v. Kelley*, 929 F.2d 582, 586 (10th Cir. 1991).

A motion for a new trial, however, "must be filed no later than 10 days after the entry of judgment." Fed. R. Civ. P. 59(b). Judgment was entered on August 18, and Mr. Young filed his motion on September 10, outside the ten-day window.

Motions filed more than ten days after the judgment are to be evaluated as a motion for relief from judgment under Fed. R. Civ. P. 60. *Warren v. Am. Bankers Inc.*, 507 F.3d 1239, 1243-44 (10th Cir. 2007). "Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment." *Van Skiver*, 952 F.2d at 1243-44.[1]

---

[1] According to Rule 60, a court may grant relief from judgment for one of the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief.
Fed. R. Civ. P. 60(b).

Mr. Young has identified no bases on which to grant the relief he requests. Thus, his motion for a new trial is denied.

As to Mr. Young's request for counsel, a court may appoint counsel in a civil action to represent a person proceeding in forma pauperis where the Court finds appointment to be appropriate. 28 U.S.C. § 1915(e) ("The court may request an attorney to represent any person unable to afford counsel."). The appointment of counsel under 28 U.S.C. § 1915(e) is a matter within the sound discretion of the district court. *Miller v. Glanz*, 948 F.2d 1562, 1572 (10th Cir. 1991). In considering whether to appoint counsel, the district court should take into account the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). Because Mr. Young has raised no nonfrivolous claims and because this order resolves his only pending motions before this court, his motion for counsel is denied.

## 2. Motion for transcripts

Section 753(f) allows free copies of transcripts if the court "certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). Given that Mr. Young's motion for a new trial is untimely and offers no basis for Rule 60(b) relief from judgment, he has no nonfrivolous claim before this court.

3

Moreover, his Notice of Appeal (doc. 154) does not identify any specific error in the trial proceedings that would warrant a copy of the transcript. Instead, his Notice of Appeal appears mostly to consist of copies of document he had previously filed with this court, including his complaint (doc. 1) and a response to a show cause order (doc. 6).

Thus, Mr. Young has failed to identify a nonfrivolous issue, and so his request for transcripts is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that motion for a new trial and for appointment of counsel (doc. 151) and his motion for trial transcripts (doc. 152) are denied.

**IT IS SO ORDERED** this 10th day of November, 2009.

> s/ John W. Lungstrum
> John W. Lungstrum
> United States District Judge